**MEMO ENDORSED**

**BENNETT, BRICKLIN & SALTZBURG LLC**
ATTORNEYS AT LAW
40 WALL STREET | SUITE 1002
NEW YORK, NY 10005
PHONE: (212) 776-4925 | FAX: (212) 269-2160

WWW.BBS-LAW.COM

DIRECT DIAL: (973) 888-2074
EMAIL: joseph.dedonato@bbs-law.com

September 2, 2021

The Honorable Kenneth M. Karas
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007
*VIA ECF*

        RE:    Rayvon Rutherford v. Aramark
                    Correctional Services, et al.
                    Docket No. [redacted]
                    Our File No. 6041-116363

Dear Judge Karas:

      This firm represents Defendants Aramark Correctional Services, LLC, Donna Blackman, Manuel Mendoza, Darnell Flax, Penny Stuart, Westchester County, Eric Middleton, Joseph K. Spano, Francis Delgrosso, Karl Vollmer and Sergeant Hector Lopez in the above captioned matter. We respectfully request that the Court deem Plaintiff to have abandoned the case pursuant to Federal Rule of Civil Procedure 41(b) and dismiss Plaintiff's Complaint with prejudice for the reasons set forth below.

      Plaintiff, Rayvon Rutherford, initially filed a Complaint against Correctional Officer Brown, Darnell Flax, Manual Mendoza, Penny Stuart, Warden Middleton and Westchester County on May 31, 2018. See Docket Entry #2. Plaintiff was granted *In Forma Pauperis Status* on June 19, 2018. See Docket Entry #4. On September 11, 2018 Plaintiff filed an Amended Complaint. See Docket Entry #18. On October 1, 2018 Plaintiff requested leave to file a Second Amended Complaint because he was "receiving retaliation from other correctional staff" and he wished to remove some named Defendants from the Complaint. See Docket Entry # 24.

      Plaintiff, a pretrial detainee at Westchester County Jail, generally claims that his civil rights were violated under 42 U.S.C. § 1983 due to substandard food, which deprived him of nutrients and interfered with his diet. Additionally, after filing suit, plaintiff wrote to the Court on December 3, 2018 and claimed that he, *inter alia*, was "becoming a constant target of retaliation by certain Defendants involved in this claim." See Docket Entry # 39, p. 1. The Westchester County

1

Defendants responded to Plaintiff's allegations of retaliations. See Docket Entry # 46. Per the letter, DOC Special Investigations Unit met with Officer Brown and Sergeant Lopez, both of whom emphatically denied verbally harassing Plaintiff.

Furthermore, on January 4, 2019, the County attached 15 pages of grievances (most of which are from 2018) filed by Plaintiff, which belies Plaintiff's allegation that he was prevented from filing grievances. See Docket Entry # 46, p. 2. These grievances involved complaints pertaining to the law library, medical complaints, receiving single sided copies instead of double sided copies and receiving one grilled cheese sandwich instead of two. All of Plaintiff's grievances were addressed. See Docket Entry # 46, p. 3-17.

On April 2, 2019 Defendants were granted leave to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Entry #67. Defendants Filed a Motion to Dismiss on May 2, 2019. See Docket Entries #69-70. Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss on June 10, 2019. See Docket Entry #76. Defendants filed a Reply in Support of Motion to Dismiss on July 8, 2019. See Docket Entry #79. Defendants' Motion to Dismiss was granted without prejudice and Plaintiff filed a Third Amended Complaint ("TAC") on March 9, 2020 adding defendant James Birrittella. See Docket Entries #86-88.

Because Plaintiff did not elect to pursue claims against Defendants Officer Brown, Francis Delgrosso, Karl Vollmer, Sergeant Hector Lopez, and Donna Blackman in the TAC, the Court converted the dismissal of claims against these Defendants to a dismissal with prejudice on March 24, 2020. See Docket Entry #91. At the same time, the Court also extended Defendants' deadline to answer or otherwise respond to the TAC until 21 days after Plaintiff properly served James Birrittella, a newly named Defendant in the TAC. *Id.*

On April 29, 2020 Plaintiff gave notice of a change of address. See Docket Entry #94. On February 19, 2021, Defendants requested that Plaintiff be required to effectuate service on James Birritella or in the alternative, that the matter be dismissed for failure to prosecute. See Docket Entry #99. On March 15, 2021, Moving Defendants notified the court that the copy of the Court's Memo Endorsement ordered to be sent to the Plaintiff had been returned via the U.S. Postal Service "Return to Sender." See Docket Entry #104.

On March 15, 2021 Defendants also filed a Motion to Dismiss. See Docket Entry #106. On April 21, 2021, the Court ordered that plaintiff shall show cause "***by no later than May 21, 2021***, as to why this case should not be dismissed for failure to prosecute, as Plaintiff has not kept his address current." See Docket Entry #108. Further, the court stated it may "dismiss this case without further notice in the event that good cause is not shown." *Id*.

Plaintiff has failed to show cause by the May 21, 2021 deadline. To date, Plaintiff has not contacted the court since April 29, 2020, which is one year and four months ago. See Docket. Therefore, it is reasonable to infer that Plaintiff has abandoned the litigation and it is appropriate to dismiss Plaintiff's Complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). It is therefore appropriate for the Court to deem that Plaintiff Rutherford has abandoned this litigation. Courts of the Southern District of New York have deemed Plaintiffs to have abandoned litigation under similar circumstances.

In Windley v. Westchester Cty., Plaintiff did not file a brief in opposition to Defendants' motion to dismiss and had not communicated with the Court in any way for one year and two months. No. 19-CV-04858 (PMH), 2021 U.S. Dist. LEXIS 15498, at *11 n.4 (S.D.N.Y. Jan. 26, 2021). Thus, the Court held that dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) was appropriate and dismissed the Complaint with prejudice. Id. See also Hutter v. Countrywide Bank, N.A., No. 09-CV-10092, 2017 U.S. Dist. LEXIS 3568, 2017 WL 108059, at *3 (S.D.N.Y. Jan. 9, 2017) ("[W]hen a plaintiff abandons or neglects a cause of action, it can be dismissed for want of prosecution." (citing Fed. R. Civ. P. 41(b))).

Here, as mentioned above, Plaintiff has not contacted the Court since April 27, 2020, which is one year and four months ago. Accordingly, the Court ordered Plaintiff to show cause by May 21, 2021. It has been over three months since the deadline set by the Court and Plaintiff has failed to show cause. This is similar to the circumstances and the same time frame discussed in Windley and is therefore, appropriate to deem that the Plaintiff has abandoned this litigation. Moreover, "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." Armstrong v. Guccione, 470 F.3d 89, 102 n.1 (2d Cir. 2006)(citations omitted).

For the reasons set forth above, Defendants respectfully request that the Court deem Plaintiff to have abandoned the case pursuant to Federal Rule of Civil Procedure 41(b) and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,
/s/ *Joseph DeDonato*
Joseph DeDonato

JD/sbg

Rayvon Rutherford
c/o Isom
26 Hammersley Avenue
Poughkeepsie, NY 12601

Application to dismiss this case for failure to prosecute is granted. Mr. Rutherford has not contacted the Court, nor updated his contact information for well over a year. Moreover, Mr. Rutherford ignored the Court's Order to Show Cause, filed in May 2021. While dismissal is an extreme remedy, all the relevant factors justify dismissal in this case for the reasons noted herein and in the Court's May 2021 Order. The case is therefore dismissed without prejudice.

So Ordered.

9/8/21

3